UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BENNIE SPRY, JR.,

       Plaintiff,

v.                                       Case No. 8:11-cv-531-T-33TGW

PATRICIA TURNER, an individual,
POLK COUNTY SHERIFF'S DEPARTMENT,

       Defendants.
_____

## O R D E R

The Court has for its consideration pro se prisoner Plaintiff Spry's civil rights complaint filed against Defendants pursuant to 42 U.S.C. §1983. The Court has undertaken a preliminary screening of Plaintiff's complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court has determined that, for the following reasons, the complaint must be dismissed.

### PLAINTIFF'S ALLEGATIONS

Plaintiff Spry, who is now incarcerated in the Board of Prisons (see case number 8:09-cr-97-T-26MAP), alleges that a private individual, Patricia Turner, filed a false report stating that Spry committed a robbery so that she could collect $1,000 in reward money

from Crime Stoppers. He complains that the Polk County Sheriff's Department knew that she filed a false report but did not arrest her for doing so. He further alleges that if Ms. Turner had not filed the false report, the federal authorities would not have become involved and he would not be imprisoned on federal charges.

Plaintiff seeks to have Ms. Turner arrested for filing a false and fraudulent complaint against him. He seeks $1 million dollars each from Ms. Turner and the Polk County Sheriff's Department for the mental stress and anxiety that he has suffered because of Ms. Turner's false complaint.

## DISCUSSION

### Standard of Review

Since Plaintiff seeks to proceed informa pauperis, the Court may dismiss the case if it finds that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The procedure required by § 1915(e)(2) is a screening process, to be applied by the Court sua sponte and as early as possible in the litigation. See 28 U.S.C. § 1915(e)(2).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v.Farcass*, 112 F.3d 1483,1485(11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the Court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Huntings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim for relief that is plausible on its face. *See Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544 (2007).

To state a claim in a civil rights action under 42 U.S.C. § 1983, Plaintiff must allege that he was deprived of a right secured by the Constitution and Laws of the United States by someone acting under color of state law. *See Daniels v. Williams*, 474 U.S. 327 (1986); *Dollar v. Haralson County,* 704 F.2d 1540,1542-43 (11th Cir.), *cert. denied*, 464 U.S. 963 (1983). Section 1983 does not create substantive rights; rather, it provides remedies for rights established elsewhere in the Constitution or federal statutes. *See Baker v. McCollan*, 443 U.S. 137,144 n. 3 (1979); *Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). An underlying constitutional right must exist before a § 1983 action will lie. *See Wideman*, 826 F.2d at 1032. The complaint in this case does not allege the violation of a federal constitutional right or law.

## CLAIMS AGAINST MS. TURNER

Plaintiff fails to state a claim against Ms. Turner because she is not a state actor.

## CLAIMS AGAINST POLK COUNTY SHERIFF'S DEPARTMENT

Plaintiff fails to state a claim against the Polk County Sheriff's Department because the Polk County Sheriff's Department is not a proper party to this proceeding. The capacity to be sued in federal court is governed by the law of the state in which the district court is located. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.1992) (citing Fed.R.Civ.P. 17(b)). In Florida, there is no such legal entity as the "Polk County Sheriff's Department." Under Florida law, there are constitutionally created political subdivisions called counties and separately created constitutional officers, including a sheriff. Fla. Const. art. VIII, §§ 1(a) and (d). However, no provision is made constitutionally or statutorily for a "Sheriff's Department" as a separate legal entity, as an agency of the county, or as a corporate

entity, nor is a Sheriff's Department given authority to be sued in such a name. *See Hobbs v. Holmes County Sheriff's Dep't*, No. 5:04cv82/RH, Doc. 10 at 3 (N.D . Fla. July 14, 2004) (concluding that the Holmes County Sheriff's Department is not a suable entity); *Turner v. Bieluch*, No. 9:03cv81059, Doc. 12 (S.D. Fla.2004) (finding that Palm Beach County Sheriff's Office lacks capacity to be sued); *Erickson v. Hunter*, 1996 WL 427769, at * 1 (M.D. Fla. Apr. 10, 1996) (unpublished opinion) (dismissing claims against Collier County Sheriff's Office on grounds that it lacks the capacity to be sued); *Jones v. Collier County Sheriff's Dep't*, 1996 WL 172989 (M.D. Fla. Apr. 9, 1996) (concluding that Collier County Sheriff's Office is not a legal entity and therefore cannot be sued). For claims against a sheriff's department, the appropriate defendant is the Sheriff in his official capacity. *See Hobbs*, No. 5:04cv82/RH, Doc. 10 at 3 ("For claims against the [Holmes County] Sheriff's Department, the appropriate defendant is the Sheriff, Dennis Lee, in his official capacity.").

For the above reasons, the Court orders:

That Plaintiff's complaint is dismissed, without prejudice.  The Clerk is directed to terminate any pending motions and to close this case.

ORDERED at Tampa, Florida, on March 17, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Bennie Spry, Jr.